In the Matter of the Accounting of MARIA J. MARRACINO et al., as Executors of CRUCIFISA FERRARO, Deceased, Respondents. JOSEPH FERRARO, Appellant.— Decree unanimously reversed, without costs of this appeal to any party and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: The objections filed by appellant herein to the final account of the executors, as elaborated upon by the proof taken in February, 1961, raise the issue as to whether the executors should be removed or the probate proceeding reopened because of their failure to comply with a stipulation made between their attorney and the attorney for appellant prior to the probate of the will. The stipulation in substance provided that appellant would not object to the probate of the will if the bequest of $3,000 would "be paid to him specifically". When this statement was placed on the record counsel for the executors responded "I agree with (appellant's attorney) and confirm the statement made by Mr. Quinn." This issue of the intent and effect of the stipulation has never been passed upon by the Surrogate. The final decree recites that the objections had been dismissed by the decision of December 6, 1960. But that decision only found that there had been an ademption of the $3,000 legacy because the testatrix left no assets from which it could be paid. Subsequently, on February 20, 1961, there was a new hearing and testimony taken as to the facts surrounding the making of the alleged agreement. The final decree does deny all motions made by appellant "in reference to the probate proceedings" but the basic issue relating to the making and enforcibility of the stipulation was never passed upon. (Surrogate's Ct. Act, § 71). If the stipulation is found to be a binding agreement then consideration should be given to the granting of relief in the form of a surcharge against the executors without necessarily revoking probate. The latter action presumably could only be taken upon a finding that the agreement was binding upon all interested parties in the probate proceeding. (Appeal from decree of Erie Surrogate's Court judicially settling the accounts of the executors.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

PAULINE CALLAHAN, Appellant, v. SYRACUSE TRANSIT CORPORATION et al., Respondents, et al., Defendants.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: There was no evidence from which contributory negligence could have been found and it was error for the court to submit that question to the jury. The jury, in an endeavor to follow the charge of the court, may have concluded that the negligence of the plaintiff contributed in some manner to the accident, and based the verdict on that conclusion. For this reason the judgment must be reversed and a new trial granted. (Appeal from judgment of Onondaga Trial Term for defendants Transit Corporation and Getman for no cause of action. The order denied plaintiff's motion for a new trial in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.